PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. KUCZMA, | ) | |
| | ) | CASE NO. 1:16CV3072 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 22] |

An Administrative Law Judge ("ALJ") denied Plaintiff James A. Kuczma's claim for

disability insurance benefits ("DIB") after a July 31, 2015 hearing with testimony being offered

by Plaintiff and a vocational expert ("VE"). At step two of the sequential analysis, the ALJ

found that Plaintiff did not suffer from a severe impairment or combination of impairments

during the relevant adjudicative period. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c). That

decision became the final determination of the Commissioner of Social Security when the

Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial

review of the Commissioner's decision, and the Court referred the case to Magistrate Judge

Jonathan D. Greenberg for preparation of a report and recommendation pursuant to 28 U.S.C. §

636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a

---

[1] Carolyn W. Colvin was the original Defendant. She was sued in an official capacity as
a public officer. On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of
Social Security. Pursuant to Fed. R. Civ. P. 25(d), Berryhill's name has been automatically
substituted as a party.

Report and Recommendation (ECF No. 21) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed.

## I.

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health*

(1:16CV3072)

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Hines v. Comm'r of Soc. Sec.*, No. 13-12568, 2014 WL 3819329, at * 2-3 (E.D. Mich. Aug. 4, 2014).

**II.**

3

(1:16CV3072)

The Court has reviewed the Report and Recommendation (ECF No. 21) *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 22) and Defendant's Response (ECF No. 23).

Plaintiff's alleged disability onset date is January 1, 2008. His date last insured ("DLI") is March 31, 2011. Plaintiff objects to the Report and Recommendation (ECF No. 21) for the following reasons:

> The Magistrate [Judge][2] erred in finding that Plaintiff did not have severe impairments during the relevant period. The Magistrate [Judge] erred by not considering all pertinent conditions documented, and pertinent evidence prior to the [alleged onset date] which corroborates the fact that Plaintiff's medical impairments continued to be disabling after the [alleged onset date] yet prior [to] the DLI. The Magistrate [Judge] erred by not concluding that a medical expert should have been called to testify and was necessary to fully address Plaintiff's impairments and their affect on his [residual functional capacity] during the relevant period of time.

ECF No. 22 at PageID #: 708-709. Plaintiff requests that the matter be remanded to the Commissioner "for full and fair consideration of the evidence of record." ECF No. 22 at PageID #: 716.

The Court finds that Plaintiff's Objections (ECF No. 22) raise no factual or legal arguments that have not been fully addressed by the Report and Recommendation (ECF No. 21). Plaintiff has not carried his burden of establishing fibromyalgia, pulmonary fibrosis, kidney cancer, renal mass, arthritis, lung nodules, tuberculosis and acute sinusitis as medically

---

[2] Plaintiff's counsel misidentifies Magistrate Judge Greenberg as the "Magistrate." The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge.").

determinable impairments during the relevant adjudicative period. The only medically

determinable impairments suffered by Plaintiff prior to his DLI were epicondylitis (elbow tendon

inflammation) and psoriasis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir.

2003) (Plaintiff bears the burden of proving the existence of a severe, medically determinable

impairment that meets the twelve-month durational requirement.). In his Objections, Plaintiff

relies on evidence presented from his primary care physician, Michael Rabovsky, M.D, and

rheumatologist William Wilke, M.D. "for symptoms relating to fibromyalgia, and mixed

connect[ive] tissue disorder and a lung condition." ECF No. 22 at PageID #: 709, 709-11. As

found by the magistrate judge, Plaintiff has not directed the Court's attention to any medical

evidence dating between his January 2008 onset date and March 2011 DLI, much less evidence

documenting significant limitations resulting from his fibromyalgia, pulmonary fibrosis, kidney

cancer, renal mass, arthritis, lung nodules, tuberculosis and acute sinusitis." ECF No. 21 at

PageID #: 700; 701-702. Moreover, substantial evidence supports the ALJ's determination that

Plaintiff's epicondylitis and psoriasis were not "severe" during the relevant time period. ECF

No. 21 at PageID #: 704.

Plaintiff continues to maintain the ALJ should have consulted a medical expert to review

his medical records to assist in establishing a proper onset date, particularly since "complex

matters exist." ECF No. 22 at PageID #: 716. However, SSR 83-20, 1983 WL 31249 (Jan. 1,

1983) – which governs what an ALJ must consider to determine the onset date – applies only

when an ALJ determines a claimant is disabled, a finding the ALJ did not make in this case. The

magistrate judge correctly observes, SSR 83-20 applies only when there has been a finding of

(1:16CV3072)

disability and it is essential to determine when the disability commenced.  ECF No. 21 at PageID #: 705-706.  There was no need to determine an onset date of any disability in the case at bar because Plaintiff was found not to be disabled.  *Seeley v. Comm'r of Soc. Sec.*, 600 Fed.Appx. 387, 392 (6th Cir. 2015); *Kafantaris v. Berryhill*, No. 1:17CV568, 2018 WL 1157762, at *17 (N.D. Ohio Feb. 2, 2018) (Greenberg, M.J.), *report and recommendation approved*, 2018 WL 1122123 (N.D. Ohio March 1, 2018) (Lioi, J.).

### III.

Accordingly, Plaintiff's Objections (ECF No. 22) are overruled and the Report and Recommendation (ECF No. 21) is adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


  March 16, 2018            /s/ Benita Y. Pearson
Date                       Benita Y. Pearson
                           United States District Judge

6